**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP M. BEDFORD,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF HAYWARD, et al.,<br><br>           Defendant. | Case No.: 3:12-cv-00294-JCS<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT [Dkt. No. 65].** |

## I.  INTRODUCTION

This Order is in response to Plaintiff Phillip Bedford's ("Plaintiff") Motion for Default Judgment ("Motion"), filed on grounds that counsel for Defendants allegedly failed to produce certain discovery in compliance with this Court's Order dated August 21, 2012.  Defendant's counsel has submitted credible evidence that he in fact complied with this Court's Order and timely served Plaintiff with the required discovery.  Plaintiff has failed to establish that Defendants willfully disobeyed any order or acted in bad faith, and thus Plaintiff's Motion must be denied on this basis as well.  The Court finds this Motion appropriate for disposition without oral argument pursuant to Local Rule 7-1(b), and hereby vacates the motion hearing scheduled for December 7, 2012, at 9:30a.m.  For the reasons explained below, Plaintiff's Motion is DENIED.[1]

## II.  BACKGROUND

On June 5, 2012, Plaintiff served Defendants with his "First Set of Interrogatories (Set One) to Defendant City of Hayward," consisting of seventeen interrogatories.  Declaration of Rafael E. Alvarado Jr. ("Alvarado Decl.") ¶ 2, Exh. A.  On July 3, 2012, Defendants served Plaintiff with the responses to the interrogatories, which contained answers as well as objections.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. 636(c).

Alvarado Decl. ¶ 2, Exh. B.  Plaintiff believed Defendants' answers to be inadequate, and argues in his Motion that Defendants "failed to answer the majority of the Interrogatories, provided evasive responses to others, and did not act in good faith."  Motion at 2.   On July 27, 2012, Plaintiff and Defendants' counsel met at Hayward City Attorney's Office library to confer about the discovery dispute.  Alvarado Decl. ¶ 4.  The parties did not reach an agreement at this meeting.  *Id.*

The Court's Case Management and Pre-Trial Order requires the parties to submit a Joint Letter on Discovery within five business days of a 'meet and confer.'  *See* Dkt. No. 30.  The parties met on July 27, 2012, but the Joint Letter was not filed until August 7, 2012.  *See* Dkt. No. 41; Alvarado Decl. 6, Exh. D.  The Court did not remark on this untimeliness in the August 21, 2012 order responding to the discovery dispute.  *See* Dkt. No. 44; Alvarado Decl., Exh. E.  Nevertheless, Plaintiff argues in his Motion that the Joint Letter was not filed in a timely manner because "Defendants simply chose not to."  Motion at 2 n. 1.  However, Defendants submits as evidence an email chain which shows that despite Plaintiff's intention to send Defendants' counsel a draft of the Joint Letter on August 1, 2012, Plaintiff failed to do so until August 3, 2012, five business days after the meet and confer.  Alvarado Decl., Exh. C.

On August 21, 2012, the Court granted in part and denied in part the Joint Letter Motion to Compel.  Dkt. No. 44; Alvarado Decl., Exh. E.  The Court denied the majority of Plaintiff's motion to compel, but granted Plaintiff's motion to compel further responses to Interrogatory 3 (subject to the entry of an appropriate confidentiality protective order), as well as to Interrogatory 7.  *Id.*  The Court ordered that the supplemental responses "shall be provided within thirty (30) days."  *Id*.

Plaintiff asserts in the Motion for Default Judgment that Defendant's counsel failed to provide the additional responses within thirty days as ordered by the Court.  However, Defendant's counsel asserts in his declaration that he served Plaintiff with the supplemental responses on September 14, 2012, which is within thirty days of August 21, 2012.  Alvarado Decl. ¶ 8.  Defendant's counsel also attaches the Proof of Service, which corroborates

Defendants' counsel's assertion that he sent the supplemental responses by U.S. Mail on September 14, 2012.  Alvarado Decl., Exh. F.

On October 15, 2012, Plaintiff filed the instant Amended Motion for Default Judgment. Dkt. No. 65.  That same day, Defendants' counsel called Plaintiff to request that he withdraw the Motion on grounds that Plaintiff was timely served with the supplemental interrogatories. Alvarado Decl. ¶ 9.  Defendants' counsel left a message and followed-up by sending Plaintiff a letter, to which he attached the supplemental interrogatories and Proof of Service showing he mailed the answers on September 14, 2012.  Alvarado Decl. ¶ 9, Exh. G.  On October 24, 2012, Defendants' counsel called Plaintiff again and sent an additional follow-up letter.  Alvarado Decl. ¶ 10, Exh. H.  Plaintiff never responded to these communications.  Alvarado Decl. ¶¶ 9-10.

On October 26, 2012, Defendants took Plaintiff's deposition at the Hayward City Attorney's Office.  Plaintiff and Defendants stipulated to continue the hearing on Plaintiff's Motion until December 7, 2012 in order to provide Plaintiff additional time to consider Defendants' request that Plaintiff withdraw the Motion.  *See* Dkt. Nos. 69-70.  On November 16, 2012, Plaintiff advised Defendants' counsel that he would not withdraw his Motion.  Alvarado Decl. ¶ 11.  Defendants filed the response to Plaintiff's Motion on November 20, 2012.  Dkt. No. 71 ("Opp.").  Plaintiff did not file a timely reply.  *See* Dkt. Nos. 69-70 (Stipulation and Order) ¶ 3 ("Plaintiff shall file his reply in support of the Motion for Default Judgment by November 30, 2012.").

## III. DISCUSSION

### A. Legal Standard

A court may impose sanctions against a person or party for failure to comply with a prior court order compelling discovery.  Fed.R.Civ.P. 37(b)(2)(a).  If a court determines there was no violation of a court order compelling discovery, the court may not enter a default judgment under Rule 37(b)(2)(a).  *See id.*  "[R]endering a default judgment against the disobedient party" is one of the several sanctions available to the court, and is the most drastic sanction that may be imposed on a defendant."  *See id.*  "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party."  *Jorgensen v. Cassiday*,

320 F.3d 906, 912 (9th Cir. 2003) (internal quotations omitted).  Moreover, a court must consider "the adequacy of less drastic sanctions" before dismissing a case or entering default under Rule 37.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412-13 (9th Cir. 1990) (citing *Malone v. United States Postal Service,* 833 F.2d 128, 131-32 (9th Cir.1987)).

### B.   Rule 37 Analysis

Plaintiff bases his Motion for Default Judgment on his unsubstantiated assertion that Defendants' counsel failed to comply with this Court's August 21st order.  However, Defendants put forth evidence that counsel for Defendants did not violate this order.  *See* Alvarado Decl. ¶¶ 8-9, Exh. F.  Defendants' counsel was required to serve Plaintiff with the supplemental responses to Plaintiff's Interrogatories 3 and 7 within thirty days of August 21, 2012.  Dkt. No. 44.  Defendants' counsel did so when he sent Plaintiff the supplemental responses by U.S. Mail on September 14, 2012.  Alvarado Decl. ¶ 9.  Defendants' counsel has submitted the Proof of Service to corroborate this statement in his declaration.  *See* Alvarado Decl., Exh. F.  The Court finds this to be credible evidence that Defendants' counsel complied with this Court's order.  Therefore, there is no basis to impose any Rule 37 sanction, much less enter default judgment.

Assuming *arguendo* Defendant's counsel had failed to comply with the Court's August 21st order, the Court would not enter default judgment absent a showing that Defendants acted willfully or in bad faith, *see Jorgensen*, 320 F.3d at 912, and after full consideration of the adequacy of less drastic alternatives, *see Adriana*, 913 F.2d at 1412-13.  Even if Defendants' counsel violated the Court's order, Plaintiff has not shown that Defendants or Defendant's counsel acted in bad faith, and the Court would have found less drastic sanctions to be sufficient at this stage.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is DENIED.

Dated:  December 7, 2012

_____
Joseph C. Spero
United States Magistrate Judge

4